KEMNITZER, BARRON, & KRIEG, LLP
BRYAN KEMNITZER        Bar No. 066401
ELLIOT CONN            Bar No. 279920
445 Bush St., 6th Floor
San Francisco, CA  94108
Telephone:  (415) 632-1900
Facsimile:  (415) 632-1901
bryan@kbklegal.com
elliot@kbklegal.com

Scott D. Owens
*admitted pro hac vice*
Scott D. Owens, P.A.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Phone: (954) 589-0588
Fax: (954) 337-0666
scott@scottdowens.com

Attorneys for Plaintiffs Yolanda Cosper and Fred Lumpkin, and the putative class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA COSPER and FRED LUMPKIN, individually and on behalf of all others similarly situated, | **Case No.** |
| | CLASS ACTION |
| Plaintiff. | **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| v. | |
| VEROS CREDIT, LLC | |
| Defendant. | |
| _____/ | |

Plaintiffs Yolanda Cosper and Fred Lumpkin (Plaintiffs), through their attorneys, on behalf of themselves and all others similarly situated, allege on personal information and upon information and on belief based upon, *inter alia*, the investigation made by and through their attorneys, as follows.

## INTRODUCTION

1.     The Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*., prohibits, *inter*

*alia*, the use of an Automatic Telephone Dialing System ("ATDS") or a prerecorded or artificial voice to place calls cellular telephones or to send text messages to cellular telephones.  There exists the affirmative defense of "prior express consent," which is available only in the limited circumstance where the called party voluntarily provided his or her cellular telephone number to the caller or its privies.  Here, the defense of "prior express consent" does not apply.  Plaintiffs' telephone number was provided to Defendant by a third-party so that Plaintiffs could be used as a credit reference.  At no time relevant to this action did any of these *third-party* individuals possess the requisite "common authority" over the Plaintiffs' respective cellular telephones such that "prior express consent" was conveyed to Defendant along with the number.  The defense of "common authority" may only apply if the third-party "possessed common authority or other sufficient relationship to the" cellular telephone.  *Gutierrez v. Barclays Group*, 2011 WL 579238, at \*3 (S.D. Cal. 2011 Feb. 9, 2011).  An unrelated third-party, seeking to use a reference, certainly does not have common authority over Plaintiffs' phone.

2. Veros Credit, LLC impermissibly and unlawfully placed numerous outbound telephone calls to Plaintiffs' and the putative Class Members' cellular telephones using an Automated Telephone Dialing System with a predictive dialer or a prerecorded or artificial voice.

## **PARTIES**

3. Plaintiff Yolanda Cosper ("Cosper") is a natural person and a citizen of Vallejo, State of California.

4. Plaintiff Fred Lumpkin ("Lumpkin") is a natural person and a citizen of Vallejo, State of California.

5. Defendant Veros Credit, LLC, is a Nevada limited liability company located in Carson City, State of Nevada.

## **JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 as the claims alleged herein raise a federal question.  This Court also has jurisdiction pursuant to 28 U.S.C. §1332(d)(2) because this matter is a class action in which Class members

1  are citizens of a different state than that of Defendant and the amount in controversy (including

2  attorneys' fees), upon information and belief, exceeds $5,000,000, exclusive of interest and

3  costs.

4        7.    Declaratory relief is available under 28 U.S.C. §2201.  Injunctive relief is

5  available under 47 U.S.C. §227(b)(3)(A).

6        8.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial

7  part of the events or omissions giving rise to the claims in this case occurred in this District.

8
## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT
9

10        9.    According to findings by the Federal Communication Commission ("FCC"), the

11  agency Congress vested with authority to issue regulations implementing the TCPA, such calls

12  as those alleged herein are prohibited because, as Congress found, automated or prerecorded

13  telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and

14  inconvenient. The FCC also recognized that wireless customers are charged for incoming calls

15  whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing*

16  *the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18

17  FCC Rcd 14014 (2003).

18        10.    Even so, the TCPA does not require a plaintiff to be "charged for" the calls in

19  order to have standing to sue. *Gutierrez v. Barclays Group*, 2011 WL 579238, at *5 (S.D. Cal.

20  2011 Feb. 9, 2011).

21        11.    In enacting the TCPA, Congress intended to give consumers a choice as to how

22  creditors and telemarketers may call them, and made specific findings that "[t]echnologies that

23  might allow consumers to avoid receiving such calls are not universally available, are costly, are

24  unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub.L. No. 102–

25  243, § 11. Toward this end, Congress found that:

26        Banning such automated or prerecorded telephone calls to the home, except when
the receiving party consents to receiving the call or when such calls are necessary

27  in an emergency situation affecting the health and safety of the consumer, is the
only effective means of protecting telephone consumers from this nuisance and

28  privacy invasion,

1     *Id.* at §12; cited in *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4

2     (N.D. Ill. Aug. 10, 2012). Congress also specifically found that:

3         the evidence presented to the Congress indicates that automated or prerecorded
        calls are a nuisance and an invasion of privacy, regardless of the type of call….

4

5     *Id.* at §§ 12-13. *See also, Mims*, 132 S.Ct. at 744. Judge Easterbrook stated it this way:

6         The Telephone Consumer Protection Act (TCPA or "the Act"), 47 U.S.C. § 227,
        is well known for its provisions limiting junk-fax transmissions. A less-litigated

7         part of the Act curtails the use of automated dialers and prerecorded messages to
        cell phones, whose subscribers often are billed by the minute as soon as the call is

8         answered—and routing a call to voicemail counts as answering the call. An
        automated call to a landline phone can be an annoyance; an automated call to a

9         cell phone adds expense to annoyance.

10     *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

11         12.      Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling,

12     the burden is on the Defendant to demonstrate that Plaintiffs provided express consent within the

13     meaning of the statute.  *FCC Declaratory Ruling,* 23 F.C.C.R. at 565 (¶10).

14         13.      The FCC has opined that the ability to dial numbers without any human

15     intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e.,

16     auto-dialer).  *In the Matter of Rules and Regulations Implementing the Telephone Consumer*

17     *Protection Act of 2008,* CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶11-13; *In the Matter of*

18     *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL

19     21517583, 18 F.C.C.R. 14014, ¶132 (Fed. Commc'n Cmm'n July 3, 2003).

20         14.      With respect to whether a device is considered an "automatic telephone dialing

21     system" for purposes of the TCPA, the Ninth Circuit has specifically noted that "a system need

22     not actually store, produce, or call randomly or sequentially generated numbers, it need only

23     have the *capacity* to do it."  *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009)

24     (emphasis added).

25         15.      Furthermore, the FCC has specifically ruled that a predictive dialer falls within

26     the meaning and statutory definition of "automatic telephone dialing equipment" within the

27     TCPA.  *2003 TCPA Order,* 18 FCC Rcd 14092-3 at ¶133.

28         16.      Both the FCC and federal courts have held that as a matter of law a predictive

1  dialer is a type of automatic telephone dialing system. *See generally, Griffith v. Consumer*

2  *Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

3  17. The Hobbs Act does not vest federal district courts with subject matter

4  jurisdiction o disregard FCC rulings. *Leckler v. Cashcall, Inc.,* 2008 U.S. Dist. LEXIS 97439,

5  *7-8 (N.D. Cal. 2008).

6  18. The TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658.

7  *Stern v. Bluestone,* 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't., 2008).

8  19. The intended recipient of a call is not the "called party" within the scope of the

9  TCPA. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1252 (11th Cir. 2014).

10  **FACTS**

11  20. Upon information and belief, at some point prior to the filing of this complaint, a

12  Veros Credit, LLC account holder, or would-be account holder, listed Cosper as a personal

13  reference on a loan application.

14  21. Plaintiffs are informed and believe, and on that basis allege that in an effort to

15  locate, and ostensibly to collect from the account holder, Veros Credit, LLC, within the four

16  years immediately preceding the filing of this complaint, used predictive dialers and automated

17  dialers, under the supervision of its Dialer Administrators and Business Reporting Analysts, to

18  place outbound calls to Plaintiffs' cellular telephone.[1]  Specifically, Veros Credit, LLC used

19  equipment that has the capacity to store or produce telephone numbers to be called, using

20  random or sequential number generator and to dial such numbers, also known as an "automatic

21  telephone dialing system," as defined by 47 U.S.C. §227(a)(1), or an artificial or prerecorded

22  voice to place numerous calls and/or text messages to the cellular telephone belonging to

23  Yolanda Cosper and her husband, Fred Lumpkin.  At all times relevant, Fred Lumpkin was the

24  account holder for the cellular telephone and his wife, Yolanda Cosper, was the exclusive user of

25

26  [1] Plaintiffs are informed and believe, and on that basis allege that Veros Credit, LLC employees Data
Administrators, Business Reporting Analysts, whose are responsible for "daily dialer campaign," are "[r]esponsible

27  for the daily readiness of call center automated dialer applications," "[oversee] predictive dialer functions,
"[p]rovide backup assistance for Dialer Administrators for dialer management, troubleshooting, training, strategy

28  updates and execution," and "[p]articipate in outbound calls using an automated dialer system." See **Exhibits A** and
**B**.

1    the cellular telephone and issue.[2]  At no point did Cosper or Lumpkin provide prior express

2    consent for Veros Credit, LLC to call their cellular telephone, nor did any third-party with

3    "common authority" provide prior express consent.

4        22.    None of the calls were placed for an "emergency purpose" or with "prior express

5    consent of the called party" within the meaning of 47 U.S.C. §227(b)(1)(A).

6        23.    At all times relevant to this complaint, Cosper and Lumpkin maintained exclusive

7    custody and control over the cellular telephone and number at issue.

8                            **CLASS ACTION ALLEGATIONS**

9        24.    Upon information and belief, it is Defendant's policy and practice to place, in the

10   course of business, autodialed calls or calls using an artificial or prerecorded voice to individuals

11   whose cellular telephone numbers were given to Veros Credit, LLC by individuals with not

12   vested with authority over the cellular telephone numbers provided.

13       25.    Therefore, Plaintiffs bring this class action on behalf of themselves and a class,

14   consisting of:

15           All persons in the United States:

16               (a)    to whose cellular telephones Defendant placed one or more non-

17                      emergency calls;

18               (b)    using an automatic telephone dialing system or an artificial or prerecorded

19                      voice;

20               (c)    wherein the called party was not a signatory to an agreement with

21                      Defendant; and

22               (d)    said call was placed within the four (4) years prior to the filing of this

23                      complaint.

24       26.    The members of the Class are so numerous that joinder of all claims would be

25   impracticable.  While the exact number of class members is unknown to Plaintiffs at this time,

26   Plaintiffs are informed and believe, and on that basis allege, that there are more than 40 members

27   of the class.

28
---
[2] Plaintiffs are not seeking duplicative relief for each placed call.

Complaint for Damages and Equitable Relief

27. There are questions of law and fact common to the Class which predominate over any questions affecting individual Class members.  The predominant common questions include:

    (a)    Whether Defendant used an automatic telephone dialing systems or an artificial or prerecorded voice within the meaning of the TCPA and applicable FCC regulations and orders, to place the calls at issue;

    (b)    Whether loan applicants may consent on behalf of third parties whose name and number are listed in the "Reference" section of a credit application;

    (c)    Damages, including whether the violations were negligent, willful or knowing.

28. Plaintiffs' claims are typical of the claims of the other members of the Class.  Defendant's conduct has caused Plaintiffs and members of the Class to sustain the same or substantially similar injuries and damages.  Plaintiffs have no interests antagonistic to the interests of the other members of the Class.

29. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiffs are members of the Class and do not have any conflict of interest with other Class members.  Plaintiffs have retained and are represented by competent counsel who are experienced in complex class action litigation and claims involving violations of the Telephone Consumer Protection Act.

30. The nature of this action makes a class action the superior and appropriate procedure to afford relief for the wrongs alleged herein.  There will be no difficulty in the management of this class action.  Individualized litigation presents the potential for inconsistent or contradictory judgments.  A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**(Violations of The Telephone Consumer Protection Act)**

31. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

1    32.    Defendant violated the TCPA by impermissibly placing calls to Plaintiffs' and the

2    Class Members' cellular telephones using an ATDS or an artificial or prerecorded voice.

3    33.    Plaintiffs and the Class Members have a legally protected interest in being free

4    from autodialed calls.

5    34.    Defendant has policies, practices or procedures of placing calls to cell phones

6    regarding the collection of alleged debts, and for other purposes, without the prior consent of the

7    called parties.

8    35.    Defendant's violations were negligent, or alternatively, they were willful or

9    knowing.  47 U.S.C. § 312(f)(1).

10                                    **PRAYER FOR RELIEF**

11    WHEREFORE, Plaintiffs request that the Court enter an Order permitting this action to

12    proceed as a class action, followed by judgment in favor of Plaintiffs and against Defendant

13    Veros Credit, LLC for:

14    A.    Statutory damages of $500 per violation, and up to $1,500 per violation if proven

15          to be willful;

16    B.    An order enjoining Defendant from further violations of the TCPA;

17    C.    A declaration that Defendant's equipment and messages are regulated by the

18          TCPA;

19    D.    Costs of suit;

20    E.    Reasonable attorneys' fees as part of a common fund, if any; and

21    F.    Such other or further relief as the Court deems just and proper.

22                                    <u>**JURY DEMAND**</u>

23    Plaintiffs demand trial by jury.

24    Dated:  August 18, 2015                    KEMNITZER, BARRON & KRIEG, LLP

25

26                                    By:    <u>/s/ *Elliot Conn*</u>
                                           BRYAN KEMNITZER
27                                         ELLIOT CONN
                                           Attorneys for Plaintiffs YOLANDA COSPER and
28                                         FRED LUMPKIN and the Proposed Class