KEMNITZER, BARRON, & KRIEG, LLP
BRYAN KEMNITZER        Bar No. 066401
NANCY BARRON           Bar No. 099278
ELLIOT CONN            Bar No. 279920
445 Bush St., 6th Floor
San Francisco, CA  94108
Telephone:  (415) 632-1900
Facsimile:  (415) 632-1901
bryan@kbklegal.com
elliot@kbklegal.com

Scott D. Owens
*admitted pro hac vice*
Scott D. Owens, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, Florida 33019
Phone: (954) 589-0588
Fax: (954) 337-0666
scott@scottdowens.com

Attorneys for Plaintiffs Yolanda Cosper and Fred Lumpkin, and the putative class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA COSPER and FRED LUMPKIN, individually and on behalf of all others similarly situated, | Case No. 2:15-cv-01752-GEB-CKD |
| | CLASS ACTION |
| Plaintiff. | **FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| v. | **JURY TRIAL DEMANDED** |
| VEROS CREDIT, LLC | |
| Defendant. _____/ | |

Plaintiffs Yolanda Cosper and Fred Lumpkin (Plaintiffs), through their attorneys, on behalf of themselves and all others similarly situated, allege on personal information and upon information and on belief based upon, *inter alia*, the investigation made by and through their attorneys, as follows.

//

## INTRODUCTION

1. The Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*, ("TCPA") was enacted in response to widespread complaints to protect the privacy interests of consumers by placing restrictions on unsolicited and unauthorized telephone calls made through the use of automatic telephone dialing systems ("ATDS"). Congress found that unwanted automated calls were a "nuisance and an invasion of privacy, regardless of the type of call" and that banning such calls was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§2(10-13) (Dec. 20, 1991) codified at 47 U.S.C. §227. The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of any ATDS to communicate with others by telephone in a manner that would be an invasion of privacy. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance. To this end, The TCPA prohibits any person from making any call (other than a call made for emergency purposes or with the prior express consent of the called party) to any cellular telephone using any ATDS.

2. Within the four years preceding the filing of this action, Defendant Veros Credit, LLC, and agents and employees acting on its behalf, Veros Credit, LLC impermissibly and unlawfully placed numerous outbound telephone calls to Plaintiffs' and the putative Class Members' cellular telephones using an Automated Telephone Dialing System with a predictive dialer or a prerecorded or artificial voice. Specifically, Veros Credit, LLC has violated the TCPA by making debt collection phone calls, using an ATDS, to cell phones of persons listed as references on borrowers' loan applications, none of whom gave Veros Credit prior express consent.

3. Plaintiffs Yolanda Cosper and Fred Lumpkin, husband and wife, are among those called parties whose cellular telephone number was provided to Defendant by a third-party borrower as a credit reference. Plantiffs and the Class had no prior relationship with Veros and did not consent, expressly or by implication, at any time whatsoever, to be called at the number assigned to their cellular telephone.

4. Plaintiffs bring this action individually and on behalf of a Class of all persons

similarly situated, as more particularly defined below.

## PARTIES

5. Plaintiff Yolanda Cosper ("Cosper") is a natural person and a citizen of Vallejo, State of California.

6. Plaintiff Fred Lumpkin ("Lumpkin") is a natural person and a citizen of Vallejo, State of California.

7. Defendant Veros Credit, LLC, is a Nevada limited liability company located in Carson City, State of Nevada, with offices in California, Nevada and Utah. Veros Credit specializes in the acquisition and servicing of subprime automotive loans.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 as the claims alleged herein raise a federal question. This Court also has jurisdiction pursuant to 28 U.S.C. §1332(d)(2) because this matter is a class action in which Class members are citizens of a different state than that of Defendant and the amount in controversy (including attorneys' fees), upon information and belief, exceeds $5,000,000, exclusive of interest and costs.

9. Declaratory relief is available under 28 U.S.C. §2201. Injunctive relief is available under 47 U.S.C. §227(b)(3)(A).

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District.

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

11. Congress has vested the Federal Communications Commission ("FCC") with the authority to issue interpretations, rules and regulations to implement the TCPA, and the FCC has done so in a series of Orders broadly interpreting the definition of an ATDS as technology has evolved. 47 U.S.C. §227(b)(2). According to findings by the FCC, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The

FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

12. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, §11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion,

Id. at §12; Congress also specifically found that:

> the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call….

*Id*. at §§ 12-13.

13. The FCC has ruled that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone dialing system (i.e., auto-dialer). *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008,* CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶11-13; *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶132 (Fed. Commc'n Cmm'n July 3, 2003).

14. Following Congress' directive, the FCC has expanded the definition of ATDS to include predictive dialers (In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, 18 FCC Rcd 14014, 14092-93 (June 26, 2003). at ¶133.

15. Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the

TCPA. *2003 TCPA Order,* 18 FCC Rcd 14092-3 at ¶133.

16. The FCC has also reaffirmed and repeated its prior ruling that the term "capacity" requires present ability rather than future possibility, because a broad reading of the statute is required "to ensure that the restriction on autodialed calls not be circumvented." *In re Matters of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, CG Docket No. 02-278, WC Docket No. 07-135, FCC 15-72 (released July 10, 2015), ¶19  Moreover "capacity" includes systems that include hardware and software that can be paired to function together to act as an ATDS, even where the equipment would not be able to do so separately. *Id.*, ¶10

17. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, the Ninth Circuit has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the *capacity* to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009) (emphasis added).

18. The FCC also ruled "We also reject [the] argument that the Commission should adopt a 'human intervention' test by clarifying that an autodialer is not an autodialer unless it has the capacity to dial numbers without human intervention. Because the Commission has previously rejected a restrictive interpretation of autodialer in favor of one based on a piece of equipment's potential ability, we find that [the] argument amounts to a simple variation on the 'present ability' arguments we reject above." *Id.* ¶20.

19. The TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658.

**FACTS**

20. In or about 2013, a prospective Veros Credit, LLC account holder, not a party to this action, listed Cosper as a personal reference on a loan application for an automotive loan ("the Account Holder") with Veros Credit.  Plaintiffs were not co-obligors on this loan, had no prior business relationship with Veros Credit, were strangers to the transaction, and never gave Veros consent to call their cellphone for any purpose whatsoever.  After being approved for a loan, the Account Holder fell behind on her payments.  In an attempt to collect from the third-

party Account Holder, Veros Credit, LLC began to contact Plaintiffs' cellular telephone number, XXX-XXX-3485.

21.   At all times relevant, Fred Lumpkin was the account holder for the cellular telephone and his wife, Yolanda Cosper, was the exclusive user of the cellular telephone at issue. At no point did Cosper or Lumpkin provide prior express consent for Veros Credit, LLC to call their cellular telephone, nor did any third-party with "common authority" provide prior express consent.

22.   In an effort to locate, and ostensibly to collect from the account holder, Veros Credit, LLC, within the four years immediately preceding the filing of this complaint, used predictive dialers and automated dialers, under the supervision of its Dialer Administrators and Business Reporting Analysts, to place outbound calls to Plaintiffs' cellular telephone.  Veros Credit, LLC employees Data Administrators, Business Reporting Analysts, whose are responsible for "daily dialer campaign," are "[r]esponsible for the daily readiness of call center automated dialer applications," "[oversee] predictive dialer functions, "[p]rovide backup assistance for Dialer Administrators for dialer management, troubleshooting, training, strategy updates and execution," and "[p]articipate in outbound calls using an automated dialer system." See **Exhibits A** and **B**.  Such dialers were used to contact Plaintiffs.

23.   Between the months of April and August 2014, Plaintiffs received numerous calls (at least 5) to their cellular telephone from Veros Credit, LLC.  On the occasions that Plaintiffs picked up the phone calls, they were greeted by Customer Service Specialist who identified herself as Jennifer.  Each of these calls were attempts to collect a debt from the third-party Account Holder that listed Cosper as a personal reference.  In each call, Jennifer asked Plaintiffs if they had seen the Account Holder and asked Plaintiffs to contact the Account Holder because the Account Holder was late paying her car note.  And in each call, Jennifer asked Plaintiffs to contact the Account Holder and tell the Account Holder that if she does not contact Veros Credit, LLC, Veros would repossess the Account Holder's vehicle.  Veros used the same telephone number, same telephone system, and same agent, Jennifer, to call the account holder in a further attempt to collect from the account holder.

24. Veros Credit, LLC, employs Customer Service Specialists that are "responsible for assertively persuading borrowers to bring the account current, to collect payments and recoverable amounts, as well as, educate and encourage them to make timely payments." (**Exhibit A**)

25. In her capacity as an Customer Service Specialist at Veros Credit, LLC, Jennifer used the automated dialer system to contact both Plaintiffs and the Account Holder in order to "assertively [persuade the Account Holder] to bring the account current." Plaintiffs are informed and believe, and on that basis allege, that Jennifer was a Customer Service Specialist at Veros.

26. The only mention of "outbound calls" in the job posting for Customer Service Specialists is the following: "Participate in outbound calls using an **automated dialer system**." (**Exhibit A**). Based off of this posting, Customer Service Specialists *only* use the Veros automated dialer system to place outbound calls.

27. Veros Credit, LLC used equipment that has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1), or an artificial or prerecorded voice to place numerous calls and/or text messages to the cellular telephone belonging to Yolanda Cosper and her husband, Fred Lumpkin.

28. None of the calls were placed for an "emergency purpose" or with "prior express consent of the called party" within the meaning of 47 U.S.C. §227(b)(1)(A).

29. At all times relevant to this complaint, Cosper and Lumpkin maintained exclusive custody and control over the cellular telephone and number at issue.

## CLASS ACTION ALLEGATIONS

30. It is Defendant's policy and practice to place, in the course of business, autodialed calls or calls using an artificial or prerecorded voice to individuals whose cellular telephone numbers were given to Veros Credit, LLC by third party borrowers (or putative borrowers).

31. Therefore, Plaintiffs bring this class action on behalf of themselves and on behalf of all other persons similarly situated as members of the proposed Class, pursuant to Federal Rules of Civil Procedure 23(a) and (3). This action satisfied the numerosity, commonality,

typicality, adequacy, predominance, and superiority requirements of Rule 23.

32. The proposed Class consists of:

All persons in the United States:

    (a) to whose cellular telephones Defendant placed one or more non-emergency calls within the four (4) years prior to the filing of this complaint;

    (b) using an automatic telephone dialing system or an artificial or prerecorded voice; and

    (c) who's cellular telephone number was listed as a personal reference on a loan application for a loan with Defendant.

33. The members of the Class are so numerous that joinder of all claims would be impracticable. While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe, and on that basis allege, that there are more than 40 members of the class.

34. There are questions of law and fact common to the Class which predominate over any questions affecting individual Class members. The predominant common questions include:

    (a) Whether Defendant used an automatic telephone dialing systems or an artificial or prerecorded voice within the meaning of the TCPA and applicable FCC regulations and orders, to place the calls at issue;

    (b) Whether Class members can be deemed to have given express prior consent to such calls merely by having been named on a credit application by a borrower who had no authority to give such consent;

    (c) Damages, including whether the violations were negligent, willful or knowing.

35. Plaintiffs' claims are typical of the claims of the other members of the Class. Defendant's conduct has caused Plaintiffs and members of the Class to sustain the same or substantially similar injuries and damages. Defendant has acted in a uniform manner with respect to Plaintiffs and the other Class Members. Plaintiffs have no interests antagonistic to the

interests of the other members of the Class.

36. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs are members of the Class and do not have any conflict of interest with other Class members. Plaintiffs have retained and are represented by competent counsel who are experienced in complex class action litigation and claims involving violations of the Telephone Consumer Protection Act.

37. The nature of this action makes a class action the superior and appropriate procedure to afford relief for the wrongs alleged herein. There will be no difficulty in the management of this class action. Individualized litigation presents the potential for inconsistent or contradictory judgments. A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**(Violations of The Telephone Consumer Protection Act)**

38. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

39. The TCPA provides that it is unlawful for any person to make a non-emergency call using an automatic telephone dialing system or an artificial or recorded voice to any cellular phone service with out prior express consent of the called party. Plaintiffs and the Class Members have a legally protected interest in being free from such calls.

40. Defendant violated the TCPA by impermissibly placing calls to Plaintiffs' and the Class Members' cellular telephones using an ATDS or an artificial or prerecorded voice.

41. Plaintiffs and the Class Members have a legally protected interest in being free from autodialed calls.

42. Defendant has policies, practices or procedures of placing calls to cell phones regarding the collection of alleged debts, and for other purposes, without the prior consent of the called parties.

43. Defendant's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter an Order permitting this action to proceed as a class action, followed by judgment in favor of Plaintiffs and against Defendant Veros Credit, LLC for:

- A. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;
- B. An order enjoining Defendant from further violations of the TCPA;
- C. A declaration that Defendant's equipment and messages are regulated by the TCPA;
- D. Costs of suit;
- E. Reasonable attorneys' fees as part of a common fund, if any; and
- F. Such other or further relief as the Court deems just and proper.

# JURY DEMAND

Plaintiffs demand trial by jury.

Dated: November 6, 2015        KEMNITZER, BARRON & KRIEG, LLP


                        By:   /s/ *Elliot Conn*
                              BRYAN KEMNITZER
                              ELLIOT CONN
                              Attorneys for Plaintiffs YOLANDA COSPER and
                              FRED LUMPKIN and the Proposed Class