UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

YOLANDA COSPER, FRED LUMPKIN, and SEBASTIAN McGHEE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

VEROS CREDIT, LLC,

Defendant.

No. 2:15-cv-01752-MCE-CKD

**MEMORANDUM AND ORDER**

Plaintiffs Yolanda Cosper, Fred Lumpkin, and Sebastian McGhee (collectively, "Plaintiffs") filed the present action against Veros Credit, LLC ("Defendant") alleging violations of the Telephone Consumer Protection Act ("TCPA"). Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC") for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Def. Mot., ECF No. 31. Defendant argues Plaintiffs only provide formulaic recitations that track the verbiage of the statute and do not allege facts (1) supporting the actual "use" of an automated telephone dialing system ("ATDS");

---
[1] Unless otherwise noted, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

(2) showing that the calls were made randomly; or (3) demonstrating that the calls were made without human intervention. Defendant also moves to strike Plaintiffs' "willful or knowing" allegations pertaining to Defendant's alleged TCPA violations. Id. Plaintiff opposed the Motion to Dismiss and further moves to strike the declaration of Scott Hyman. Pl. Opp., ECF No. 35.

For the reasons set forth below, Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint is DENIED, the Motion to Strike Plaintiffs' "willful or knowing" allegations is DENIED, and Plaintiffs' Motion to Strike the Declaration of Scott Hyman is GRANTED.[2]

## BACKGROUND[3]

Plaintiffs allege Defendant began calling Plaintiffs' cellular phones utilizing an ATDS in an attempt to collect a debt from a third-party account holder that had listed the Plaintiffs as personal references. Plaintiffs assert that these calls were not for an emergency purpose, and maintain they did not provide prior express consent to receive calls from Defendant. Consequently, Plaintiffs allege that such calls violated the TCPA.

More specifically, the SAC alleges Plaintiffs Yolanda Cosper and Fred Lumpkin, a husband and wife, received at least five calls from Defendant to their cellular phone starting sometime after August 2014. These Plaintiffs allege that Defendant contacted them in an attempt to collect a debt from a third party who had listed Plaintiffs as a reference. When Plaintiffs Cosper and Lumpkin answered the phone calls, they were greeted by Defendant's agent who inquired about the third-party account holder. The agent then asked Plaintiffs to contact the third party and advise him or her to contact Defendant. Plaintiffs further allege that Defendant used an ATDS to make the calls, that

---

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

[3] The following recitation of facts is taken, sometimes verbatim, from Plaintiffs' SAC, ECF No. 30, and from a general review of the docket.

2

the calls were made without Plaintiffs' consent, that they were not made for emergency purposes, and that Defendant's actions both wasted Plaintiffs' time and money, and interfered with Plaintiffs' rights and interests in their cellular phones.

Next, the SAC alleges that Plaintiff Sebastian McGhee received no fewer than ten calls from Defendant in an attempt to collect a debt from a third-party account holder who had listed Plaintiff McGhee as a reference. These calls, Plaintiff alleges, were made by Defendant to Plaintiff McGhee's cellular telephone utilizing an ATDS, without his consent, and not for an emergency purpose. The SAC further alleges that each time Plaintiff McGhee answered, there would be a two to three second delay (the so-called "tell-tale pause") before Defendant's agent would respond.

The SAC further alleges that one of Defendant's job postings listed employees' expected responsibilities as including: the ability to "participate in outbound calls using an automated dialer system"; being "responsible for the daily readiness for call center automated dialer applications"; and to " [oversee] predictive dialer functions." SAC, ECF No. 30, ¶ 42. In addition to Defendant's job posting, Plaintiffs point to Defendant's employees' LinkedIn pages referencing Defendant's telephone dialer systems. Id. at Exs. A-B.

Plaintiffs' original complaint was filed on August 18, 2015. A First Amended Complaint was subsequently filed on November 6, 2015. A Stipulation was entered by the parties on June 24, 2016, allowing Plaintiff to file an SAC in order to address recent judicial rulings. On July 8, 2016, Plaintiffs filed the operative SAC. Defendant filed the present Motion to Dismiss on August 8, 2016, with Plaintiffs' Opposition being filed on October 7, 2016. Defendant's Reply was subsequently filed on November 4, 2016.

In the alternative to its Motion to Dismiss, Defendant moves to strike Plaintiffs' allegations that any TCPA violations were either "willful or knowing," arguing that Plaintiffs fail to plead sufficient facts to support such allegations.

Lastly, Plaintiffs move to strike the declaration of Scott Hyman, counsel for Defendant. Defendant asserts that the declaration is proffered to show counsel's efforts

to meet and confer, and his attempts to provide ample opportunity to Plaintiffs to remedy any deficiencies within the SAC.

**STANDARDS**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles

Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

With regard to the parties' motions to strike, the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are a drastic remedy and generally disfavored.  5C Wright & A. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004).  Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pled.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994) (internal citations and quotations omitted).  A matter is impertinent if the statements do not pertain, and are not necessary, to the issues in question.  Id.

## ANALYSIS

### A.  Defendant's Motion to Dismiss

The TCPA prohibits making any call "using any automatic telephone dialing system or an artificial or prerecorded voice" to a wireless number.  47 U.S.C. § 227(b)(1)(A).

Specifically, the TCPA provides:

> It shall be unlawful for any person…
>
> (A) To make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

5

> (iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. § 227(b)(1)(A)(iii). There are three elements to a TCPA claim based upon the use of an ATDS: (1) the defendant called a cellular telephone number; (2) using an ATDS, or an artificial or prerecorded voice; (3) without the recipient's prior express consent. Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1043 (9th Cir. 2012).

The term "automatic telephone dialing system" within this section has been interpreted to mean equipment that has the "capacity to store or produce telephone numbers to be called, using a random or sequential number generator…to dial such numbers." 47 U.S.C. § 227(a)(1). However, under the plain language of the statute, an ATDS "need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 951 (9th Cir. 2009).

Defendant contends that the facts as alleged do not sufficiently state a TCPA violation. More specifically, Defendant argues Plaintiffs fail to plead facts indicating that (1) an ATDS was actually used, (2) the calls were "random," or (3) there was an absence of human intervention. None of these arguments are well taken.[4]

As indicated above, Plaintiffs' SAC alleges Defendant used an ATDS to call Plaintiffs Cosper and Lumpkin at least five times to collect a debt from a third party, starting sometime after August 2014. SAC, ECF No. 30, ¶¶ 28-30. Plaintiffs never

---

[4] As a preliminary matter, Defendant also contends that Plaintiffs fail to allege sufficient facts supporting Defendant's use of artificial or prerecorded voice technology. ECF No. 31. Plaintiffs do not oppose this argument, and instead rely on allegations that Defendant used an ATDS in violation of the TCPA. Because the TCPA prohibits "using any automatic telephone dialing system or an artificial or prerecorded voice," 47 U.S.C. § 227(b)(1)(A) (emphasis added), sufficient allegations of use of an ATDS are enough to state a viable claim under the TCPA. Iniguez v. The CBE Grp., 969 F. Supp. 2d 1241, 1246 (E.D. Cal. 2013) ("Since the applicable section is written in the disjunctive, a violation may occur if any one of an automated telephone dialing system, an artificial voice, or a prerecorded voice is used to make the call."). The Court therefore focuses of the parties' arguments surrounding Defendant's alleged use of an ATDS.

provided express consent for Defendant to contact them, nor were the calls for any emergency purpose.  Id. ¶¶ 32-33.  The SAC also alleges that Defendant utilized an ATDS system to call Plaintiff McGhee's cellular telephone no less than ten times starting after August 2013.  Id. ¶ 36-37.  Additionally, Plaintiff McGhee alleges that when he answered the calls from Defendant there was a two to three second pause before an agent for Defendant responded.  Id. ¶ 37.  More broadly, the Plaintiffs' SAC alleges that employment postings for the Defendant made multiple, specific references to "automatic dialers" and "predictive dialers."  Id. ¶ 42, Ex. A.  The SAC also alleges Defendant's employees' LinkedIn accounts make specific references to Defendant's use of dialer systems.  Id. Ex. B.

This Court finds that Plaintiff McGhee alleges sufficient facts with regard to the characteristic, tell-tale pause at the beginning of the calls to indicate Defendant's use of an ATDS when calling the Plaintiff's cellular telephone.  While Defendant is correct that bald recitations of TCPA violations will not suffice, "general allegations [of use of an ATDS] are sufficiently bolstered by specific descriptions of the 'telltale' pause after plaintiff picked up each call until the agent began speaking, which suggest the use of a predictive dialing system, and thus renders plausible the conclusory allegation that an ATDS was used."  Cabiness v. Educ. Fin. Solutions, LLC, No. 16-cv-01109-JST, 2016 U.S. Dist. LEXIS 142005 (N.D. Cal. Sept. 1, 2016) (citing Lofton v. Verizon Wireless (VAW) LLC, No. 13-CV-05665-YGR, 2015 U.S. Dist. LEXIS 34516, 2015 WL 1254681, at *5 (N.D. Cal. Mar. 18, 2015)).

While this tell-tale pause is indicative of use of an ATDS system and makes Plaintiff McGhee's allegations sufficient to defeat a motion to dismiss, Plaintiffs Cosper and Lumpkin do not specifically allege a similar pause.  However, when reading the SAC as a whole and taking into consideration the additional allegations concerning Defendant's job postings that specifically reference automated dialer systems, as well as Defendant's employees' LinkedIn pages referencing dialer systems, the Court finds that Plaintiffs' allegations are sufficient to withstand a motion to dismiss.

Furthermore, the Court finds Plaintiffs' argument in opposition to Defendant's motion compelling-- that it is unlikely that Defendant utilized two systems, one that called Plaintiff McGhee and a separate dialing system that called Plaintiffs Cosper and Lumpkin. ECF No. 35. The more likely and plausible explanation is that the Defendant utilized one phone system to make collection calls, and that phone system has the capacity to be an ATDS. See e.g., Kazemi v. Payless Shoesource, Inc., No. C 09-5142-MHP, 2010 U.S. Dist. LEXIS 27666, at *1 (N.D. Cal. 2010) (finding conclusory allegations tracking the statutory language sufficient when accompanied by specific allegations that render the use of an ATDS plausible).

The Court also rejects Defendant's argument that Plaintiffs failed to allege sufficient facts to show a degree of randomness. ECF No. 31. "[D]ialing equipment does not need to dial numbers or send text messages "randomly" in order to qualify as an ATDS under the TCPA." Flores v. Adir Int'l, LLC, No. 15-56260, 2017 U.S. App. LEXIS 5228, at *3 (9th Cir. Mar. 24, 2017); See also Satterfield, 569 F.3d at 951. Therefore, Plaintiffs' SAC does not need to allege randomness in order for the equipment to qualify as an ATDS under the TCPA.

As for Defendant's final argument that Plaintiffs have failed to allege the absence of human intervention, the Court is not convinced that Plaintiff must make such an explicit allegation to survive a motion to dismiss. Indeed, as described above, Plaintiffs have plausibly alleged use of an ATDS. At this stage such allegations are sufficient.

Therefore, looking at the SAC as a whole, and at this stage of litigation prior to discovery, the Court finds Plaintiffs' SAC pleads facts sufficient to plausibly allege that Defendant called Plaintiffs' cellular phones using an ATDS, without Plaintiffs' consent, and not for an emergency purpose. Defendant cites to no controlling authority indicating otherwise, and in fact, Flores v. Adir Int'l, LLC, No. CV 15-00076-AB, 2015 U.S. Dist. LEXIS 92176, at *1 (C.D. Cal. 2015)—on which Defendant heavily relies—was recently reversed by the Ninth Circuit. Flores v. Adir Int'l, LLC, No. 15-56260, 2017 U.S. App.
///

LEXIS 5228, at *1 (9th Cir. Mar. 24, 2017). Accordingly, the Defendant's Motion to Dismiss is DENIED.

### B. Defendant's Motion to Strike "Willful or Knowing" Allegations

Defendant alternatively moves to strike Plaintiffs' allegations that any TCPA violations were "willful or knowing." ECF No. 31. Defendant argues Plaintiffs' SAC pleads insufficient facts to support any knowing or willful conduct. ECF No. 31. However, Plaintiffs allege facts supporting that Defendant maintained a general practice of using an ATDS to make calls, which practice indicates Defendant must have been aware of its ATDS use. Moreover, such a motion to strike should be denied if there is doubt whether the "challenged matter may raise an issue of fact or law… leaving the assessment of the sufficiency of the allegations for adjudication on the merits after proper development of the factual nature of the claims through discovery." Springer v. Fair Isaac Corp., No. 14-CV-02238-TLN-AC, 2015 U.S. Dist. LEXIS 154765, at *4 (E.D. Cal. Nov. 16, 2015). The Court finds that striking the knowing or willful allegations would, prior to discovery, be premature. Therefore, Defendant's Motion is DENIED.

### C. Plaintiffs' Motion to Strike the Declaration of Scott Hyman

In support of its Motion to Dismiss, Defendant cites to the Declaration of Scott Hyman, attorney of record for Defendant. Defendant asserts that the declaration of counsel is proffered to show Defendant's efforts to meet and confer, and is indicative of counsel's attempts to provide ample opportunity to Plaintiffs to remedy any deficiencies within the SAC. ECF No. 36.

While that may be true, meet and confer efforts—while appreciated—are not required, and the declaration is therefore unnecessary. Moreover, Mr. Hyman's declaration goes beyond recanting any meet and confer efforts and in fact argues that Defendant did not use an ATDS in calling Plaintiffs. "Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. The exceptions are material attached to or relied on by the complaint… provided that they are not subject to reasonable dispute." Iniguez v. CBE Group,

969 F. Supp. 2d 1241, 1244 (E.D. Cal. 2013) (citing Lee v. Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). Here, Scott Hyman's declaration may not be considered in conjunction with the Defendant's Rule 12(b)(6) motion because the motion is limited to testing the sufficiency of the claims within the pleadings. Therefore, Plaintiffs' Motion to Strike the Declaration of Scott Hyman is GRANTED, and the Court did not consider that declaration in making its ruling on Defendant's Motion to Dismiss above.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint and alternative Motion to Strike Plaintiffs' willful or knowing allegations (ECF No. 31) are DENIED. Plaintiffs' Motion to Strike the Declaration of Scott Hyman (ECF No. 36) is GRANTED.

IT IS SO ORDERED.

Dated: September 12, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE